UNITED STATES DISTRICT COURT

MIDDLE DISTRICT OF LOUISIANA

EIAD ODEH                                                                        CIVIL ACTION

VERSUS                                                                             NO. 14-793-JJB-RLB

CITY OF BATON ROUGE/
PARISH OF EAST BATON ROUGE

## ORDER

Before the Court is Defendant's Motion to Compel (R. Doc. 48) Plaintiff's responses to certain Interrogatories, Requests for Production and Requests for Admission. Plaintiff filed an Opposition in response to the Motion. (R. Doc. 55). For the reasons given below, Defendant's Motion to Compel is **GRANTED in part** and **DENIED in part**.

## I.   BACKGROUND

In his Complaint, Plaintiff claimed he was subjected to a hostile work environment, transferred to a less-desirable position and constructively discharged based on his national origin and in retaliation for opposing employment discrimination and other "unlawful conduct . . . consisting of . . . unsubstantiated spending. Plaintiff additionally alleged that he was retaliated against for engaging in protected whistleblower activities in violation of Louisiana Revised Statute § 23:967. (R. Doc. 1-5). On April 3, 2015, Plaintiff filed his Supplemental and Amending Complaint (R. Doc. 12), to add claims of "unreasonable search and seizure" in violation of the Fourth Amendment to the United States Constitution, retaliation in violation of the First Amendment, copyright infringement and conversion. (R. Doc. 12).

## II.     APPLICABLE LAW

Rule 26(b)(1) of the Federal Rules of Civil Procedure[1] allows a party to "obtain discovery regarding any nonprivileged matter that is relevant to any party's claim or defense and proportional to the needs of the case." Whether discovery is proportional depends on "the importance of the issues at stake in the action, the amount in controversy, the parties' relative access to relevant information, the parties' resources, the importance of the discovery in resolving the issues, and whether the burden or expense of the proposed discovery outweighs its likely benefit." Fed. R. Civ. P. 26(b)(1). Information may fall within this scope of discovery even if it is not admissible in evidence. Fed. R. Civ. P. 26(b)(1).

## III.    DISCUSSION

### A.    Request for Production No. 10

Request for Production No. 10 seeks a copy of Plaintiff's tax returns for the year 2005 to the present. (R. Doc. 48-3 at 36). Plaintiff objected to the Request based on "privacy and spousal privilege," but otherwise agreed to produce the "documents, redacted for privilege and private information . . . ." (R. Doc. 48-3 at 36). In his discovery responses, Plaintiff did not object to the temporal scope of Request for Production No. 10. To the contrary, he agreed to produce redacted versions of his tax returns between 2005 through the present. (R. Doc. 48-3 at 36). It was not until his Opposition that he raised any temporal objections. As such, Plaintiff waived

---

[1] Rule 26(b)(1) of the Federal Rules of Civil Procedure was amended on December 1, 2015 to clarify the scope of discovery. The 2015 amendments "restor[e] the proportionality calculation to Rule 26(b)(1)," but do not "change the existing responsibilities of the court and the parties to consider proportionality." Fed. R. Civ. P. 26(b)(1) advisory committee's note (2015). The amendments likewise do not "place on the party seeking discovery the burden of addressing all proportionality considerations." *Id*. "The amendments to Rule 26 govern in all proceedings in civil cases thereafter commenced and, insofar as just and practicable, in all proceedings then pending." *American Federation of Musicians of the U.S. and Canada v. Skodam Films, LLC*, -- F. Supp. 3d --, 2015 WL 7771078, at *5 (N.D. Tex. Dec. 3, 2015) (applying the amended version of Rule 26(b)(1) to a motion to compel filed before December 1, 2015). Given the restorative nature of the 2015 amendments, the Court finds that applying the amendments to the instant Motion to Compel is both just and practicable.

the objections and must produce the documents. *See In re United States*, 864 F.2d 1153, 1156 (5th Cir. 1989) ("[A]s a general rule, when a party fails to object timely to interrogatories, production requests, or other discovery efforts, objections thereto are waived.").

Beyond that, the Court has already found that Plaintiff's tax returns and other financial information between 2006 and the present are relevant to the instant case. (R. Doc. 71).[2] For the same reasons previously discussed by the Court (R. Doc. 71), Defendant's Motion to Compel is **GRANTED** as to Request for Production No. 10. Plaintiff must produce any outstanding documents within **14 days** of this Order.

### B. Fifth Amendment Privilege

Plaintiff has invoked his Fifth Amendment privilege against self-incrimination in response to Interrogatory Nos. 14, 17, 18, 19 and 20, Request for Production No. 14 and Request for Admission Nos. 1, 2 and 4, which seek information relating to a search warrant executed on December 13, 2014 at Plaintiff's home. (R. Doc. 55 at 4-5). According to the Complaint, shortly after "Plaintiff was constructively discharged on October 13, 2014, . . . detectives from the Baton Rouge Police department, an arm of defendant, executed a Search Warrant Affidavit, procured a search warrant alleging Plaintiff had engaged in criminal conduct, and searched his home . . . ." (R. Doc. 12 at 1). Plaintiff alleges that the "search and ongoing criminal investigation" have only occurred as a "result of Mr. Odeh engaging in protected activities that include filing a complaint with the EEOC." (R. Doc. 12 at 1).

Defendant argues that "Plaintiff himself raised the issues made subject of this line of questioning by the City-Parish." (R. Doc. 48-1 at 5). Moreover, Defendant suggests this evidence is relevant to establishing "the defense of after-acquired evidence," (R. Doc. 48-1 at 5),

---

[2] Tax returns for year 2005 would provide financial information for the tax year prior to plaintiff allegedly developing the database at issue. (R. Doc. 12 at 2).

which operates to limit damages where the employer later discovers evidence of wrongdoing that, in any event, would have legitimately led to the employee's termination. *McKennon v. Nashville Banner Publishing Company*, 513 U.S. 352, 356-57 (1995). According to Defendant, the search warrant was based on information that someone at Plaintiff's home had accessed "email accounts of City/Parish employees . . . in violation of state law." (R. Doc. 48-1 at 5). And had Defendant known this during Plaintiff's employment, "he would have unquestionably been immediately terminated." (R. Doc. 48-1 at 5). Finally, Defendant claims that following execution of the search warrant, the investigation has focused on another member of Plaintiff's household, as opposed to Plaintiff, and that person has been "issued a misdemeanor summons." (R. Doc. 48-1 at 3-5 & n.6). Therefore, Defendant suggests, discovery "related to Plaintiff's knowledge of alleged criminal activity is very relevant to the City-Parish's defense" and is likewise discoverable. (R. Doc. 48-1 at 5).

The Fifth Amendment privilege against self-incrimination is one of our most fundamental rights as citizens and can be invoked in any proceeding where the witness "reasonably believes [that his testimony] could be used in a criminal prosecution or could lead to other evidence that might be so used." *Kastigar v. United States*, 406 U.S. 441, 444-45 (1972). For that reason, a witness in a civil action cannot be compelled by a court "to answer deposition [or other discovery] questions over a valid assertion of his Fifth Amendment rights." *Pillsbury Co. v. Conboy*, 459 U.S. 248, 256-57 (1983).

The prohibition against compelling the testimony of a witness in any setting is predicated upon there being a danger that the testimony might be used against the witness in later criminal proceedings. As Justice Blackmun noted, "[i]t is black-letter law that a witness cannot assert a

Fifth Amendment privilege not to testify if the testimony sought cannot possibly be used as a basis for, or in aid of, a criminal prosecution against the witness." *Pillsbury Co.*, 459 U.S. at 273.

Here, Plaintiff has legitimately invoked his Fifth Amendment privilege against self-incrimination, as is evidenced by the search warrant executed at his home and the ongoing nature of the criminal investigation. That the investigation might currently be focused on another member of Plaintiff's household does not illegitimize Plaintiff's invocation. As made clear at oral argument, if plaintiff's responses would not incriminate him, then this line of inquiry would not even be relevant. Simply put, the investigation remains ongoing and it remains possible that its focus might shift to Plaintiff as a resident of that same house and former employee of the city-parish.

Because district courts are precluded from "compelling testimony in a civil [action] over a valid assertion of the Fifth Amendment privilege, absent a specific assurance of immunity for such testimony," *Pillsbury*, 459 U.S. at 264 n.24, Defendant's Motion to Compel is **DENIED** as to Interrogatory Nos. 14, 17, 18, 19 and 20, Request for Production No. 14 and Request for Admission Nos. 1, 2 and 4.

At the hearing, Defendant suggested that if its Motion were denied as to these requests, the Court should order any of three proposed remedies to cure any prejudice to Defendant. First, Defendant suggested that the Court compel Plaintiff to answer over his Fifth Amendment objections, but preclude his answers from being used against him in any other proceeding. Second, Defendant proposed an adverse inference instruction to the jury based on Plaintiff's assertion of the privilege. Finally, Defendant suggested that Plaintiff's damages be cut-off at some date relative to the warrant's issuance or execution.

To begin, this type of relief is not requested in Defendant's Motion, which only seeks an order compelling Plaintiff to respond to the requests. For that reason, alone, the Court will not, at this time, consider Defendant's proposed remedies. Moreover, the Court cannot compel Plaintiff's testimony by issuance of a protective order purporting to limit prosecutorial access, as Defendant first proposes. As other courts have recognized, a protective order cannot adequately protect Plaintiff's interests under these circumstances. *See Andover v. Data Services, a Division of Players Computer, Inc. v. Statistical Tabulating Corp.*, 876 F.2d 1080, 1083-84 (2d Cir. 1989) (Testimony of civil witness asserting valid Fifth Amendment privilege cannot be compelled by issuance of protective order purporting to limit prosecutorial access to compelled testimony as it "provides no guarantee that compelled testimony will not somehow find its way into the government's hands for use in a subsequent criminal prosecution."). Finally, Defendant's second and third proposals relating to Plaintiff's claim for damages and appropriate jury instructions are more appropriate considerations for the trial judge. As such, Defendant's Motion to Compel is **DENIED** as to the extent it seeks an order imposing any of the remedies first proposed during the hearing.

Plaintiff is advised, however, that the court finds the subject matter of the discovery at issue to be both relevant and within the scope of discoverable information. A continued assertion of his Fifth Amendment privilege, although appropriate, may require the court to take certain action to prevent prejudice to the defense, including but not limited to precluding testimony or evidence, limiting the scope of damages, or even dismissing certain claims to which this discovery may be relevant.

C.     **EEOC Documents**

Defendant's Request for Production No. 1 asks Plaintiff to "produce a copy of all documents received from or submitted to the Equal Employment Opportunity Commission and/or the Louisiana Department of Human Rights Commission regarding the Charge of Discrimination filed against Defendant." (R. Doc. 48-3 at 33). Plaintiff responding by citing to 7 pages of documents. (R. Doc. 48-3 at 33) ("Please see pages 7,295 to 7,301 of the attached document . . . ."). Plaintiff, however, did not produce the documents and has since claimed to not be in possession, custody or control of the documents. (R. Doc. 64 at 2). During the hearing, the parties agreed that Plaintiff would supplement his Response by "confirming whether he is in possession, custody or control" of the requested documents, as is evidenced by the Court's Order following the hearing. (R. Doc. 64 at 2). Assuming Plaintiff's compliance with the Court's Order (R. Doc. 64 at 2), Defendant's Motion to Compel is **DENIED as moot** to the extent it seeks an order compelling Plaintiff's response to Request for Production No. 1.

D.     **Reasonable Costs and Attorney's Fees**

Finally, Defendant seeks an award of reasonable costs and attorney's fees associated with its Motion to Compel. Rule 37(a)(5) allows for an award of expenses and attorney's fees to be paid to the moving party when a motion to compel is granted. However, when the motion is granted in part and denied in part, as is the case here, the court may "apportion the reasonable expenses" between the parties. Because the Motion was only partially granted and Plaintiff's objects were not unfounded, the Court will order both parties to pay their own costs associated

with Defendant's Motion to Compel.  Therefore, Defendant's Motion to Compel is **DENIED** to the extent it seeks an award of attorney's fees and reasonable expenses under Rule 37(a).

Signed in Baton Rouge, Louisiana, on March 17, 2016.

**RICHARD L. BOURGEOIS, JR.**
**UNITED STATES MAGISTRATE JUDGE**