UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF LOUISIANA

EIAD ODEH

VERSUS

CITY OF BATON ROUGE/PARISH
OF EAST BATON ROUGE

CIVIL ACTION

NO. 14-793-JJB-RLB

## RULING

This matter is before the Court on a Motion for Summary Judgment (Doc. 76) brought by the defendant, City of Baton Rouge/Parish of East Baton Rouge ("City-Parish"). The plaintiff, Eiad Odeh ("Odeh"), filed an opposition (Doc. 90) and the defendant filed a reply brief (Doc. 102). Both parties have filed auxiliary motions related to the Motion for Summary Judgment.[1] Oral argument is unnecessary. The Court's jurisdiction exists pursuant to 28 U.S.C. § 1331. For the reasons stated herein, the defendant's Motion for Summary Judgment (Doc. 76) is **GRANTED in part and DENIED in part**.

**I.   BACKGROUND**

In 2006, Odeh was employed as a database systems administrator and held the title of Special Assistant to the Director of the City-Parish's Department of Public Works ("DPW"). Following an in-depth study of DPW, the City-Parish decided to reorganize the department into six different departments and eliminated the position of Director of DPW. Thus, the need for

---

[1] The City-Parish filed a Motion to Strike (Doc. 100), seeking to strike the exhibits and attachments Odeh used in his opposition. Because the Court addresses the admissibility of some of those exhibits in this ruling, the defendant's Motion to Strike (Doc. 100) and Motion for Leave to File a Reply Memo in Support of Motion to Strike (Doc. 116) are **DENIED**. The undersigned judge prefers arguments relative to striking exhibits be brought in opposition or reply briefs. There is no need for a duplicitous motion to strike exhibits to be filed. This only adds to the paperwork flooding the court.

Odeh has also filed a Motion for Leave to File Exhibits to his Memorandum in Opposition (Doc. 103). Considering the importance of those documents, the Court finds that the interests of justice are best served by allowing the plaintiff leave to file those exhibits. Thus, the plaintiff's Motion for Leave (Doc. 103) is **GRANTED**. The Court has considered those exhibits in this ruling.

1

Odeh's position, Special Assistant to the Director of DPW, was eliminated. The City-Parish suggested Odeh transfer to a similar open position at City-Parish's Emergency Management Services ("EMS"). Odeh was qualified for that position, and was transitioned to EMS in April 2013 to assist with technical tasks.

In 2014, officials with the City-Parish learned that an individual employed by the City-Parish attempted to sell a proprietary software program to a third party. As a result, the City-Parish initiated an investigation into the improper dissemination of its software. The City-Parish learned that Mary E. Roper ("Roper")—Odeh's wife and the Parish Attorney—sent the source codes for the program to Odeh. Roper's disclosure of the software codes to her husband prompted the City-Parish to place Roper on administrative leave. Ultimately, the East Baton Rouge Parish Metropolitan Council ("Metro Council") initiated proceedings to remove Roper as the Parish-Attorney, and she was terminated from that position in September 2014. Several newspaper articles appeared in the Baton Rouge Advocate describing the circumstances leading up to Roper's dismissal.

During the course of several lawsuits between Roper and the Metro Council, it was discovered that someone was unlawfully accessing or "hacking" City-Parish attorney webmail accounts. The City-Parish traced the access to an IP address that was the home address of Roper and Odeh. A search warrant was issued, and ultimately Roper was issued a misdemeanor summons and charged with offense against intellectual property, computer tampering, and online impersonation.

Meanwhile, due to budgeting considerations and the fact that Odeh was being paid out of DPW's budget while working for EMS, Odeh was required to formally apply for his position at EMS beginning in 2014. Odeh declined to do so, and requested that he be sent back to his prior

position at DPW. That position no longer existed, however, due to the reorganization. Odeh eventually resigned from his employment with the City-Parish and filed this lawsuit alleging a variety of claims arising out of his employment.

**II.   SUMMARY JUDGMENT STANDARD**

Summary judgment is appropriate when "the movant shows that there is no genuine dispute as to any material fact." Fed. R. Civ. P. 56(a). The party seeking summary judgment carries the burden of demonstrating that there is an absence of evidence to support the non-moving party's case. *Celotex Corp. v. Catrett*, 477 U.S. 317, 325 (1986). When the burden at trial rests on the non-moving party, the moving party need only demonstrate that the record lacks sufficient evidentiary support for the non-moving party's case. *Id.* The moving party may do this by showing that the evidence is insufficient to prove the existence of one or more essential elements of the non-moving party's case. *Id.* A party must support its summary judgment position by "citing to particular parts of materials in the record" or "showing that the materials cited do not establish the absence or presence of a genuine dispute." Fed. R. Civ. P. 56(c)(1).If, once the non-moving party has been given the opportunity to raise a genuine fact issue, no reasonable juror could find for the non-moving party, summary judgment will be granted for the moving party. *Celotex*, 477 U.S. at 322–23.

**III.   DISCUSSION**

The Court distilled the following claims from the plaintiff's complaint and amended complaint: (1) claims arising under 42 U.S.C. § 1983; (2) defamation; (3) unlawful reprisal for whistleblower activity in violation of La. R.S. 23:967; and (4) discrimination and harassment based upon national origin in violation of La. R.S. 23:301, *et. seq. See Pet. for Damages*, Doc. 1-5; *Suppl.*

*& Am. Pet.*, Doc. 12. The City-Parish has moved for summary judgment on all of the plaintiff's claims. *See Def.'s Supp. Mem.* 5, Doc. 76-1.

    **A.**    **Section 1983 Claims**

The plaintiff asserts the following claims against the City-Parish under 42 U.S.C. § 1983: (1) misappropriation of intellectual property/trade secrets; (2) infringement of copyright; (3) invasion of privacy; and (4) conversion of intellectual property. *Suppl. & Am. Pet.* ¶ 19, Doc. 12. A municipality cannot be liable under § 1983 unless the municipality is alleged to have "caused a constitutional tort through 'a policy statement, ordinance, regulation, or decision officially adopted and promulgated by that body's officers.'" *City of St. Louis v. Praprotnik*, 485 U.S. 112, 121 (1988) (quoting *Monell v. N.Y.C. Dep't of Soc. Servs.*, 436 U.S. 658, 690 (1978)). Additionally, municipal liability may attach where the constitutional deprivation is pursuant to a governmental custom, even if such custom has not received formal approval. *Monell*, 436 U.S. at 690–91. "[M]unicipal liability under Section 1983 requires proof of three elements: a policymaker; an official policy; and a violation of constitutional rights whose moving force is the policy or custom." *Piotrowski v. City of Hous.*, 237 F.3d 567, 578 (5th Cir. 2001) (citation omitted).

In his opposition (Doc. 90), the plaintiff does not dispute the City-Parish's argument that he is unable to show an official policy or custom. Nor does the plaintiff dispute that he cannot show that any such policy or custom was the moving force behind the alleged constitutional violations. Both of these elements are necessary to impose independent liability against the City-Parish under § 1983. Indeed, the plaintiff failed to come forth with any evidence of such custom, policy, or practice. Because the plaintiff has failed to come forth with evidence of an essential element of his causes of action under § 1983, summary judgment is **GRANTED** as to all of the plaintiff's § 1983 claims.

B.     **Defamation**

Under Louisiana law, five elements are necessary to establish a claim for defamation: (1) defamatory statement concerning another; (2) falsity of the statement; (3) an unprivileged publication to a third party; (4) fault (negligence or greater) on the part of the publisher; and (5) resulting injury. *Costello v. Hardy*, 864 So. 2d 129, 139 (La. 2004). If even one of the required elements of the tort is lacking, the cause of action fails. *Id.* at 140. As such, summary judgment is appropriate if the plaintiff is unable to establish that there is a genuine issue of material fact regarding any one of these elements. *See Daigle v. Computrac*, 835 F. Supp. 903, 906 (E.D. La. 1993).

The threshold issue in a defamation action is whether the words complained of are defamatory. *Costello*, 864 So. 2d at 141. Louisiana, defamatory words are traditionally classified into two categories: words that are defamatory *per se* and statements that are susceptible to a defamatory meaning. *Id.* Words that "expressly or implicitly accuse another of criminal conduct, or which by their very nature tend to injure one's personal or professional reputation, even without considering extrinsic facts or surrounding circumstances, are considered defamatory *per se*." *Id.* Statements susceptible to a defamatory meaning are "words that tend to harm the reputation of another so as to lower the person in the estimation of the community, to deter others from associating or dealing with the person or otherwise expose a person to contempt and ridicule," and convey an element of personal disgrace, dishonesty or disrepute. *Id.* Whether a particular statement "is *objectively* capable of having a defamatory meaning is a legal issue to be decided by the court, considering the statement as a whole, the context in which it was made, and the effect it is reasonably intended to produce in the mind of the average listener." *Bell v. Rogers*, 698 So. 2d 749, 754 (La. Ct. App. 1997) (quoting *Kosmitis v. Bailey*, 685 So. 2d 1177, 1180 (La. Ct. App. 1996)).

Here, the plaintiff asserts that the City-Parish made defamatory statements regarding the alleged theft of software from the City-Parish that were published in the Baton Rouge Advocate.[2] *See Pet. for Damages* ¶ 17, Doc. 1-5. To summarize, the statements identified by Odeh state that Odeh's wife "sent her husband an email with source codes from an in-house software program called TRACE 360 . . . she was working to copyright the software and said she sought her husband's guidance because he has a programming background." *See generally Pl.'s Ex. 28*, Doc. 92-2. Nothing in these statements accuse Odeh of criminal conduct, expose the plaintiff to contempt or ridicule, or have a tendency to lower his reputation in the community. Therefore, the Court holds that the statements complained of are not defamatory.[3] Because the plaintiff cannot establish the necessary element of a defamatory statement, the Court holds that the plaintiff's defamation action based on statements in the newspaper articles fails as a matter of law. Accordingly, the defendant's Motion for Summary Judgment (Doc. 76) is **GRANTED** as to the defamation claim.

C. **Unlawful Reprisal for Whistleblower Activity**

Next, the City-Parish seeks summary judgment on Odeh's whistleblower protection claim, arguing that he failed to come forth with evidence of a violation of state law or a reprisal. *See Def.'s Supp. Mem.* 26–28, Doc. 76-1. During his employment with the City-Parish, Odeh reported various issues to his superiors regarding the suspected violation of state law by City-Parish employees. First, he reported to a supervisor that $639,070.00 had been paid to a vendor by circumventing the East Baton Rouge Parish Purchasing rules and regulations, and that there was a

---

[2] The Court notes that articles published by newspaper organizations are inadmissible hearsay and are thus not proper summary judgment evidence to prove the truth of the facts reported. *See James v. Tex. Collin Cty.*, 535 F.3d 365, 374 (5th Cir. 2008). However, because the Court concludes that the statements contained therein are not defamatory, the Court addresses the merits of the plaintiff's claim on its substantive grounds.
[3] The Court additionally notes that the plaintiff failed to come forth with evidence to demonstrate that the statements complained of are false. *See Pl.'s Opp'n* 2–9, Doc. 90.

6

lack of enforcement by the Finance Department to the public bid laws on this account. Second, Odeh reported the intentional sabotaging of City-Parish surveillance cameras by the defendant's employees at the South Maintenance Lot for the DPW, which was allowing the theft of equipment to go undetected. Finally, after being tasked with the creation of a database to match telephone numbers within the Parish to the associated addresses for 911 emergency purposes, Odeh discovered and reported a suspected theft of telephone and long-distance services. He discovered and reported that the City-Parish was paying $44,139.00 each month to AT&T for 2,505 phone lines which were unable to be identified as belonging the City-Parish. Odeh also discovered and reported landline long-distance charges that were being paid to Verizon for 267 phone lines that did not exist in the City-Parish AT&T landline service. After Odeh reported these issues, he was removed from the project.

Thereafter, Odeh was issued a written reprimand by his supervisor for assisting another employee in securing her computer from suspected hacking. The reprimand was allegedly issued to Odeh because he never sought authorization to add the security, nor did he inform his supervisor of such action. Odeh appealed that reprimand, which was upheld.

Louisiana Revised Statute 23:967 "provides protection to employees against reprisal from employers for reporting or refusing to participate in illegal work practices." *Hale v. Touro Infirmary*, 886 So. 2d 1210, 1214 (La. Ct. App. 2004). According to § 967, "an employer may not retaliate against an employee who has notified it of a workplace practice in violation of law and who either refuses to participate in the practice or who threatens to publicize the practice." *Id.* at 1215. To prevail under § 967, the plaintiff must establish an actual violation of state law; a good faith belief that a violation occurred is insufficient. *See id.* at 1215–16 (discussing Louisiana courts

that have interpreted La. R.S. 23:967 to require the plaintiff to show an actual violation of state law as opposed to a lesser showing of a reasonable belief of violation of state law).

Here, Odeh alleges that he was constructively discharged, reassigned to the EMS Department, and given a written reprimand in retaliation for his "blowing the whistle on suspected violations of state law." *Pl.'s Opp'n* 24, Doc. 90. Namely, Odeh reported: (1) the Department of Public Works camera system was "failing because of sabotage, neglect, and a lack of maintenance," as part of a scheme to aid and abet in the theft of equipment from a DPW South Maintenance Lot (La. R.S. 14:59, "criminal mischief;" La. R.S. 14:24, "aiding and abetting;" and/or La. R.S. 14:26, "criminal conspiracy"); (2) the City-Parish was incurring monthly charges of $44,139 for phone lines and hardware circuits that did not have a corresponding physical address; and (3) the City-Parish was being billed by Verizon for 205 numbers that did not exist (violating La. R.S. 14:67, "theft;" La. R.S. 14:134, "malfeasance in office;" and violation of La. Const. art. 14, § 7, unlawful use of public funds for a private purpose). *See id.* at 21–24 (citing *Pl.'s Exs. 41–45*, Docs. 95-6–8). The evidence set forth by the plaintiff in his Opposition (Doc. 90) establishes genuine issues of material facts as to whether there was a violation of state law and whether his reassignment and written reprimands were in retaliation for disclosing such violations. Therefore, summary judgment is inappropriate, and the Defendant's Motion for Summary Judgment (Doc. 76) is **DENIED** as it pertains to the plaintiff's whistleblower claim.

### D. Discrimination and Harassment Based Upon National Origin

Finally, the defendant seeks summary judgment on the plaintiff's claims for discrimination and harassment based upon national origin under the Louisiana Employment Discrimination Laws, La. R.S. 23:301 *et. seq. See Def.'s Supp. Mem.* 7–21, Doc. 76-1. To establish a *prima facie* case of discrimination, the plaintiff must show he: (1) is a member of a protected class; (2) was subjected to an adverse employment action; (3) was qualified for his position; and (4) others similarly

situated were treated more favorably. *Septimus v. Univ. of Hous.*, 399 F.3d 601, 609 (5th Cir. 2005).

For the reasons stated in the plaintiff's brief, summary judgment is inappropriate on these claims. *See Pl.'s Opp'n* 19, Doc. 90. Specifically, the Court agrees with the plaintiff that there are genuine issues of material fact as to whether Odeh was subject to an adverse employment action (via constructive discharge) and whether others similarly situated were treated more favorably. Therefore, summary judgment is inappropriate, and the Defendant's Motion for Summary Judgment (Doc. 76) is **DENIED** as it pertains to the plaintiff's claims for discrimination and harassment brought pursuant to La. R.S. 23:301 *et. seq.*

IV.  **CONCLUSION**

For the reasons stated above, the defendant's Motion for Summary Judgment (Doc. 76) is **GRANTED in part and DENIED in part**. Specifically, the motion is **GRANTED** as to all of the plaintiff's § 1983 claims—including (1) misappropriation of intellectual property/trade secrets; (2) infringement of copyright; (3) invasion of privacy; and (4) conversion of intellectual property—and his defamation claim. The motion is **DENIED** as to the plaintiff's claims brought pursuant to La. R.S. 23:967 (whistleblower protection claim) and La. R.S. 23:301 *et. seq.* (discrimination and harassment based upon national origin). The defendant's Motion to Strike (Doc. 100) and Motion for Leave to File a Reply Memo in Support of Motion to Strike (Doc. 116) are **DENIED**. The plaintiff's Motion for Leave (Doc. 103) is **GRANTED**.

Signed in Baton Rouge, Louisiana, on June 13, 2016.

_____
**JUDGE JAMES J. BRADY
UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF LOUISIANA**